UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DOROTHY GRIFFITH,

   Plaintiff,

vs.

MELALEUCA INC.

   Defendant.

Case No. 10-CV-01957

**ANSWER AND ADDITIONAL DEFENSES OF
DEFENDANT MELALEUCA, INC.
TO PLAINTIFF'S COMPLAINT**

Defendant Melaleuca, Inc. ("Defendant" or "Melaleuca"), by and through undersigned counsel, hereby answers the Verified Complaint ("Complaint") filed by Dorothy Griffith ("Griffith" or "Plaintiff") and states as follows:

**Defendant's Answer to Plaintiff's Allegations**

1. Defendant is without sufficient knowledge to admit or deny this allegation, and on that basis, denies the allegation.

2. Denied.

3. Denied.

4. Admitted.

5. Admitted.

6. Melaleuca, Inc. is unable to determine with sufficient specificity the meaning of "manufacture," "assembly," and "design," and on that basis denies the allegation.

7. Admitted.

8. Denied.

9. Admitted.

10. Admitted.

11. Melaleuca is unable to determine with sufficient specificity the meaning of the terms "manufacturing" and "general public" and on that basis denies the allegation.

12. Admitted.

13. Defendant is without sufficient information to admit or deny the allegations of paragraph 13, and on that basis denies the allegations.

14. Melaleuca denies that any harm suffered by Plaintiff was caused by its product; Melaleuca is without sufficient information to admit or deny the remaining allegations of paragraph 14, and on that basis denies all remaining allegations paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Defendant acknowledges that Plaintiff intends to reallege prior paragraphs, and denies or admits each prior paragraph as set forth above. All remaining allegations, if any, are denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Defendant acknowledges that Plaintiff intends to reallege prior paragraphs, and denies or admits each prior paragraph as set forth above. All remaining allegations, if any, are denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

### General Denial

Defendant denies any and all allegations or legal conclusions set forth in the Complaint that have not previously been specifically admitted, denied or explained.

### ADDITIONAL SEPARATE DEFENSES

Defendant alleges the following defenses. By alleging the matters set forth below, Defendant does not allege or admit that Defendant has the burden of proof and/or the burden of persuasion as to any of these matters. Further, Melaleuca reserves the right to amend this answer to assert additional defenses, cross-claims, counterclaims and other claims and defenses based on the discovery and investigation of this matter. Defendant alleges as follows:

### First Defense
### (Required Arbitration)

The claims set forth in the Complaint are required to be submitted to binding arbitration to be conducted in accordance with the provisions of the Melaleuca Customer Agreement executed by the Parties.

## Second Defense
### (Laches, Estoppel, Waiver)

Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, and estoppel.

## Third Defense
### (Pre-existing Condition)

Plaintiff's alleged injuries and damages, if any, were caused by factors other than, and unrelated to, Melaleuca's Attain Chocolate Peanut Butter Nutrition Bars, including without limitation pre-existing medical, genetic, and/or environmental conditions, diseases, or illnesses. Melaleuca had no control over such factors, nor were such factors due to, caused, or influenced by the fault, lack of care, negligence, or breach of any duty by Melaleuca.

## Fourth Defense
### (Idiosyncratic Reaction)

If the alleged injuries to Plaintiff occurred, and if they were caused by Melaleuca's Attain Chocolate Peanut Butter Nutrition Bars, which Melaleuca denies, those injuries were the result of an idiosyncratic reaction.

## Fifth Defense
### (Intervening Cause)

Plaintiff's claims are barred because her alleged injuries, if they occurred, were caused solely, partially, or proximately by the intervening actions, omissions, representations, misrepresentations, negligence, or breach of duty of other persons, firms, or corporations that Melaleuca did not control and for whom Melaleuca is not legally liable and whose conduct it could not foresee or anticipate.

## Sixth Defense
### (Superseding and/or Intervening Causes)

Plaintiff's alleged damages, if they occurred, resulted from new and independent, unforeseeable, superseding, and/or intervening causes unrelated to any conduct of, or any product manufactured or placed in the stream of commerce by Melaleuca.

## Seventh Defense
### (Not Reasonably Scientifically Knowable)

Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was manufactured and marketed.

## Eighth Defense
### (No Proximate Cause)

Plaintiff's alleged damages were not proximately caused by any act, omission, or product of Melaleuca.

## Ninth Defense
### (Failure to Join All Indispensible Parties)

The Complaint is equitably barred because of Plaintiff's failure to join all indispensible parties precludes the Court from granting complete relief to those who are parties to the action and will result in prejudice to Melaleuca.

## Tenth Defense
### (Compliance with Federal Law)

Plaintiff's claims are barred under Section 4, *et. seq.* of the Restatement (Third) of Torts: Products Liability because Melaleuca complied with applicable product safety statutes and administrative regulations.

## Eleventh Defense
### (Assumption of the Risk)

Plaintiff is responsible in whole or in part for any injuries she may have suffered because she voluntarily and knowingly assumed the risk of her activities. Therefore Plaintiff's claims are barred or should be reduced by the assumption of the risk.

## Twelfth Defense
### (Section 402A of Restatement (Second) of Torts)

Plaintiff's claims are barred by the doctrine set forth in Comment K to Section 402a of the Restatement (Second) of Torts.

## Thirteenth Defense
### (Preemption)

To the extent that Plaintiff's claims purport to impose requirements or standards different from, in addition to, or otherwise not identical to requirements or standards imposed by federal law and/or applicable state law governing the subject product, then said claims are preempted in accordance with the Supremacy Clause of the U.S. Constitution and by applicable state and/or federal laws.

## Fourteenth Defense
### (Contributory/Comparative Negligence)

Plaintiff's alleged injuries, damages, and/or losses were proximately caused by the negligence and/or fault of Plaintiff and/or by entities other than Melaleuca, and this contributorily or comparatively bars or reduces the negligence and/or fault, if any, attributable to Melaleuca.

### Fifteenth Defense
### (Breach of Warranty)

Plaintiff's breach of warranty claim is barred by Plaintiff's failure to provide notice to Melaleuca as required by law. Plaintiff's claims further are barred by the Uniform Commercial Code, N.Y.U.C.C., or other applicable law.

### Sixteenth Defense
### (Statute of Limitations)

Any claims against Melaleuca are barred by reason of the expiration of the applicable statute of limitations.

### Seventeenth Defense
### (Acts of Other Parties)

The injuries and damages allegedly suffered by Plaintiff were caused by acts of parties beyond the control of Melaleuca.

### Eighteenth Defense
### (Defendant Not Negligent)

Melaleuca asserts that its conduct was not negligent and that it did not violate any duty owed to Plaintiff.

### Nineteenth Defense
### (Negligence of Other Party)

Melaleuca asserts that any injuries or damages alleged by Plaintiff were caused either by her own sole negligence and/or the negligence of some third party over whom Melaleuca had no control.

### Twentieth Defense
### (Misuse of Product)

Plaintiff is barred from recovery because of misuse of the alleged product, including without limitation ignoring the applicable expiration date(s), if any.

### Twenty-First Defense
### (State of the Art Doctrine)

At all times, Melaleuca utilized proper and accepted methods with respect to any product at issue herein, in conformity with the state of the art and knowledge and research of the scientific community. Any recovery by Plaintiff is barred by the state of art doctrine.

### Twenty-Second Defense
### (Failure to Mitigate)

Plaintiff's recovery are barred, in whole or in part, by the Plaintiff's failure to mitigate her alleged damages.

### Twenty-Third Defense
### (Contribution among Tortfeasors)

Any recovery by Plaintiff is barred or diminished in accordance with applicable law regarding contribution.

### Twenty-Fourth Defense
### (Failure to Plead with Sufficient Particularity)

Melaleuca did not make to Plaintiff, nor did Melaleuca breach, any express or implied warranties and did not breach any warranties created by law. To the extent that Plaintiff relies upon any theory of breach of warranty, such claims are barred for lack of privity with Melaleuca and/or Plaintiff, or Plaintiff's representative, to comply with all applicable requirements for a breach of warranty claim. Melaleuca specifically pleads as to any breach of warranty claim all affirmative defenses under the Uniform Commercial Code, as enacted in the States of New York or Idaho, existing and which may arise in the future.

### Twenty-Fifth Defense
### (Failure to State a Claim)

The Complaint, and each cause of action therein, fails to state a cause of action upon which relief may be granted.

## Twenty-Sixth Defense
### (Spoliation)

The claims of Plaintiff may be barred, in whole or in part, from recovery due to spoliation of evidence.

## Twenty-Seventh Defense
### (Collateral Sources)

The amount of damages claimed by Plaintiff should be reduced pursuant to CPLR § 4545 of the New York Civil Practice Law and Rules to the extent of any collateral source benefits, remuneration or compensation received.

## Twenty-Eighth Defense
### (No Defect)

Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect, since the product allegedly ingested by Plaintiff was properly prepared in accordance with the applicable standard of care.

## Twenty-Ninth Defense
### (Failure to Warn)

Plaintiff's causes of action are barred because Plaintiff's alleged damages were not caused by any failure to warn on the part of Melaleuca.

## Thirtieth Defense
### (Unavoidable Event)

The alleged injuries and damage, if any, were the result of unavoidable circumstances that could not have been prevented by any person or entity, including Melaleuca.

## Thirty-First Defense
### (CPLR Article 16)

The equitable share of liability, if any, of Defendant Melaleuca shall be determined pursuant to the provisions of Article 16 of the New York Civil Practice Law and Rules.

## Thirty-Second Defense
### (Set-Off)

This action is barred or Melaleuca is entitled to a set-off against any award herein as Plaintiff has previously recovered sums for all or part of damages claimed herein.

**WHEREFORE**, Defendant Melaleuca, Inc. demands judgment against Plaintiff dismissing the Complaint with prejudice, together with the costs and disbursements of this action.

Dated this 6th day of May, 2010.

Respectfully Submitted,

By: ____/s/_____
Joshua K. Chandler, *pro hac vice*
Melaleuca, Inc.
3910 S. Yellowstone Hwy
Idaho Falls, ID 83402
(208) 522-0700
(208) 534-2063 fax
jchandler@melaleuca.com

Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that simultaneous to the filing of the foregoing I filed a motion for admission to appear *pro hac vice* in this case; and that on the 6th day of May, 2010, I caused a true and correct copy of the foregoing to be served upon the following persons at the addresses below their names through the Electronic Court Filing ("ECF") system of the United States District Court for the Eastern District of New York.

EDWARD D. TANTLEFF, ESQ. TANTLEFF,
COHEN, & TANTLEFF, P.C.
188 MONTAGUE STREET 10th FLOOR
BROOKLYN, NY 11201

MELALEUCA, INC.

By: /s/_____
Joshua K. Chandler, Esq.